FILED by RB D.C.
ELECTRONIC
Sept. 15, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GLOBAL TRADING & BEVERAGE,
INC., a Florida corporation,

Case No.

Plaintiff,

v.

**09-22770-Civ-LENARD/TURNOFF**

VINCENT & SONS ENTERPRISES,
INC., a Florida corporation,

Defendant.

------------------------------------------------/

### COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (TEMPORARY AND PERMANENT INJUNCTION DEMANDED)

Plaintiff, GLOBAL TRADING & BEVERAGE, INC., a Florida Corporation ("GLOBAL"), by and through undersigned counsel, bring this Complaint against defendant, VINCENT & SONS ENTERPRISES, INC. ("VINCENT"), for injunctive relief and damages, and in support thereof state as follows:

#### JURISDICTION AND VENUE

1.  This is an action arising under the Lanham Act, 15 U.S.C. §§ 1125(a) and under the laws of the state of Florida.

2.  This Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

3.  The Court has subject matter jurisdiction over the plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367(a).

4. Defendant VINCENT is subject to the personal jurisdiction of this Court because, among other things, it is registered as a Florida corporation with its principal place of business in Hollywood, Florida and does business in Florida. In addition, a substantial part of the events giving rise to this litigation occurred in the State of Florida.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district, and the Defendants are all subject to personal jurisdiction in this district.

## BACKGROUND

6. GLOBAL is an export trading business based in Miami, Florida that specializes in exporting food and beverage products to Haiti. GLOBAL has been engaged in the successful business of purchasing domestic American products here in the United States and exporting them to Haiti since the company was founded in 1995. GLOBAL has exclusive relationships within Haiti to facilitate the importation and distribution of products there. Through these relationships GLOBAL has gained extensive knowledge and familiarity with the desires of the Haitian customer including their likes and dislikes. This knowledge has helped position GLOBAL as a successful business partner for companies seeking to distribute their products in Haiti.

7. The Haitian market for food and beverage products is known to be unique and difficult to penetrate. Any business seeking to successfully distribute products there must have adequate resources to manage security, distribution, and marketing. In addition, knowledge of the Haitian palate and Haitian consumer preferences is key. For close to fifteen (15) years GLOBAL, drawing upon its experience and connections, has successfully introduced products into the Haitian market where others had failed to do so.

2

8. Original Louisiana Hot Sauce™ manufactured by Bruce Foods Corporation of New Iberia, Louisiana is one such success story for GLOBAL. Prior to 1999, Bruce Foods had attempted to penetrate the Haitian market with its popular Original Louisiana Hot Sauce™ brand of hot sauce without success.

9. Bruce Foods has been manufacturing Original Louisiana Hot Sauce™ for over eighty years under the name ORIGINAL LOUISIANA HOT SAUCE. Bruce Foods' Original Louisiana Hot Sauce™ is identified not only by its name but also by the Red Dot on the label, the slogan THE PERFECT HOT SAUCE, the slogan ONE DROP DOES IT, and the distinctive label with all these features set on a field of bright yellow as follows:



10. GLOBAL, interested in distributing Original Louisiana Hot Sauce™ in Haiti, contacted Bruce Foods in or about 1998. Bruce Foods responded that they had not experienced success in the Haitian market in the past and attributed this to the distribution of "out of date" or expired products coming from other channels of trade not intended for Haiti which, by the time they arrived there, were less than fresh.

11. GLOBAL, with its extensive knowledge of the Haitian market, realized that the problem was not "out of date" product, but rather the product itself, namely that the Original Louisiana Hot Sauce™ formula sold in the United States and made with

3

cayenne peppers was not spicy enough to please the Haitian palate. As a result, GLOBAL worked with Bruce Foods to develop a version of the Original Louisiana Hot Sauce™ formula using habanero peppers specifically designed to please the tastes of Haitians since it was much spicier than its American counterpart.

12. The Original Louisiana Hot Sauce™ formulated for the Haitian market was a success. The specific Haitian formula was well received and enjoyed by Haitian consumers.

13. Significantly, the Haitian formula was bottled and packaged in an identical manner to the Original Louisiana Hot Sauce™ bottled and sold by Bruce Foods for the American market. As a result, without tasting the contents the two products appear identical in all respects. However, when tasted by a Haitian consumer with experience enjoying the specially formulated product it would be obvious which was the genuine Original Louisiana Hot Sauce™ and which was the imposter.

14. In consideration for its work in developing the formula and its agreement to distribute Original Louisiana Hot Sauce™ in Haiti, beginning February 1, 1999, Bruce Foods appointed GLOBAL its exclusive distributor and agent for Haiti. See Letter of Understanding, attached hereto as Exhibit A.

15. GLOBAL has continued as exclusive distributor of Original Louisiana Hot Sauce™ in Haiti without interruption to the present.

16. Since it began exclusively distributing Original Louisiana Hot Sauce™ in Haiti, GLOBAL has grown sales of the specially formulated Bruce Foods product an average of 61% year over year from 1999 through 2008.

4

17.     Since 1999, GLOBAL has invested considerable sums marketing and distributing the specially formulated Bruce Foods Original Louisiana Hot Sauce™ in the Haitian market.  In the course of that ongoing effort, GLOBAL has developed substantial good will in the marketplace for the Original Louisiana Hot Sauce™ brand with Haitian distributors, retailers, and consumers.  GLOBAL has taken care in marketing the Original Louisiana Hot Sauce™ brand and has always utilized the packaging provided by Bruce Foods which, as noted above, is identical to the packaging for Original Louisiana Hot Sauce™ sold in the U.S. market.  GLOBAL has never applied its own marks or repackaged the Original Louisiana Hot Sauce™ product sold in the Haitian market.

18.     The Original Louisiana Hot Sauce™ name, the Red Dot on the label, the slogan THE PERFECT HOT SAUCE, the slogan ONE DROP DOES IT, and the distinctive label with all these features set on a field of bright yellow (collectively the "Hot Sauce marks") have been in continuous use by GLOBAL in connection with the Original Louisiana Hot Sauce™ product since 1999.  Since the introduction of the specially formulated Bruce Foods Original Louisiana Hot Sauce™ into the Haitian market, Original Louisiana Hot Sauce™ has become well-known and the Hot Sauce marks used with it have become highly distinctive.

### INFRINGEMENT AND UNFAIR COMPETITION BY VINCENT

19.     Defendant VINCENT is in the business of exporting American goods to foreign countries for resale.  In or about July 2009, VINCENT purchased over nine thousand cases of domestic Original Louisiana Hot Sauce™ formulated for the American market from Bruce Foods.  VINCENT represented to Bruce Foods that their purchase was intended for distribution to cruise lines departing from Miami and to the islands of

Martinique and Guadalupe. The purchase and sale of the domestic hot sauce occurred in the U.S.

20. Rather than sell the domestic hot sauce to cruise lines or ship it to Martinique or Guadalupe, on August 11 and 20, 2009, VINCENT loaded the nine thousand cases into four containers and shipped them from Port Everglades, Ft. Lauderdale, Florida, to Port-au-Prince, Haiti.

21. Unlike GLOBAL, VINCENT has no infrastructure in Haiti for distribution of foods and beverages. Therefore VINCENT sold the domestic hot sauce to separate Haitian distributors for redistribution in Haiti.

22. When VINCENT sold the domestic hot sauce to the Haitian distributors it falsely represented that the domestic hot sauce was suitable for and intended for distribution in the Haitian market.

23. Shortly thereafter GLOBAL received reports of importers offering hot sauce bearing the Original Louisiana Hot Sauce™ brand and the Hot Sauce marks being sold in Haiti. Whereas the Original Louisiana Hot Sauce™ specially formulated for the Haitian market sold by GLOBAL was generally boxed in cases of 36 count bottles, the new hot sauce was boxed in cases of 24 count bottles.

24. Upon further inspection GLOBAL determined that the new hot sauce was Original Louisiana Hot Sauce™ formulated for the American market, not the specially formulated Original Louisiana Hot Sauce™ GLOBAL had developed with Bruce Foods for sale in the Haitian market.

25. The new hot sauce was sold for a cheaper price than GLOBAL typically sells the Original Louisiana Hot Sauce™ developed for the Haitian market.

6

26. In a short time GLOBAL began to receive reports of dissatisfied customers who had purchased the new hot sauce and found it to be unacceptable for the Haitian palate. Retailers who had purchased the new hot sauce complained to GLOBAL and its exclusive agents in Haiti about the inferior quality of the new hot sauce. Since the new hot sauce was labeled identically to the Original Louisiana Hot Sauce™ GLOBAL developed for the Haitian market consumers began to question the quality of the Original Louisiana Hot Sauce™ brand which they had come to trust and enjoy due to the efforts of GLOBAL.

27. As a result of the distribution of the new hot sauce retailers have been forced to liquidate stock in the inferior product and have naturally looked to GLOBAL to resolve the situation. GLOBAL is currently faced with the possibility of thousands of consumers being disappointed and confused by their purchase of a product that looks identical to the Original Louisiana Hot Sauce™ developed for the Haitian market but which contains inferior contents. In order to avoid the destruction of the Original Louisiana Hot Sauce™ brand that GLOBAL has developed in Haiti it may be necessary for GLOBAL to purchase the infringing stock of the inferior hot sauce for exportation back to the United States at GLOBAL'S cost.

28. GLOBAL has suffered damages in Florida as a result of the actions of VINCENT.

29. GLOBAL has retained the undersigned counsel and agreed to pay them a reasonable fee in connection with this action.

30. All conditions precedent to this action have been performed or waived.

7

## FIRST CLAIM FOR RELIEF
### Violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)
### False Designation of Origin, Federal Unfair Competition, Passing Off

31. Plaintiff incorporates the allegations of paragraphs 1 through 30 of this complaint as if fully set forth herein.

32. Since 1999, GLOBAL, as the Bruce Foods exclusive distributor and agent in Haiti of the Original Louisiana Hot Sauce™ brand, has used the Original Louisiana Hot Sauce™ mark and the Hot Sauce marks to designate its specially formulated hot sauce sold in the Haitian market.

33. GLOBAL has used the Original Louisiana Hot Sauce™ mark and the Hot Sauce marks in interstate commerce, and has continued to use the marks without interruption up to the present time, in connection with the distribution of the hot sauce specially formulated by Bruce Foods.

34. VINCENT purchased and sold hot sauce intended for the domestic market labeled as Original Louisiana Hot Sauce™ with the intent to distribute the domestic hot sauce in Haiti.

35. The packaging of the domestic hot sauce purchased and sold by VINCENT is identical to the Original Louisiana Hot Sauce™ specially formulated for the Haitian market and is confusingly similar thereto.

36. The sale of the domestic hot sauce in Haiti by VINCENT which is packaged identically to the Original Louisiana Hot Sauce™ specially formulated for the Haitian market is deceptive and misleading.

37. The purchase and sale by VINCENT of hot sauce formulated for the domestic market which is packaged identically to the Original Louisiana Hot Sauce™

8

specially formulated for the Haitian market constitutes the use in commerce of words, terms, names, symbols or devices, false designations of origin or false or misleading descriptions and representations of fact, that are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of defendants with plaintiffs, or as to the nature, characteristics, qualities, origin, sponsorship, or approval of defendants' goods, services, or commercial activities.

38. VINCENT'S acts infringe the marks at issue and/or constitute unfair competition in violation of 15 USC §1125(a).

39. VINCENT is aware of the enormous goodwill, reputation and value represented and symbolized by the marks at issue. VINCENT is also well aware that the marks at issue are relied upon by the public to identify the goods distributed on an exclusive basis by GLOBAL and to distinguish them from the goods and services of others.

40. VINCENT, with knowledge of the goodwill, reputation and value represented and symbolized by the marks at issue, used the marks in order to knowingly mislead the consuming public that they, rather than GLOBAL, were the source of the Original Louisiana Hot Sauce™ specially formulated for the Haitian market.

41. VINCENT'S acts have caused actual confusion or deception among members of the purchasing public who were prospective purchasers of the Original Louisiana Hot Sauce™ specially formulated for the Haitian market bearing the marks at issue.

42. VINCENT'S use of the marks at issue without notification to the public of the true contents of the products they hoped to pass off as genuine Original Louisiana Hot

Sauce™ specially formulated for the Haitian market, and with knowingly false notification to the public that VINCENT was selling genuine Original Louisiana Hot Sauce™ specially formulated for the Haitian market, constitutes false designation of origin, false and misleading representation of fact, and/or passing off which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association, or as to origin, sponsorship, or approval.

43.   VINCENT'S actions were committed with the purpose and intent of misappropriating and trading upon the goodwill and reputation associated with the Original Louisiana Hot Sauce™ specially formulated for the Haitian market distributed, marketed and sold by GLOBAL.  GLOBAL'S rights in and to the marks at issue have been compromised and VINCENT has used these marks in a manner to unfairly compete with GLOBAL.

44.   As a direct and proximate cause of VINCENT'S conduct, GLOBAL has suffered damages and will continue to suffer actual and other damages in an amount to be proven at trial.

45.   As a result of VINCENT'S infringement and unfair competition, GLOBAL has suffered, and unless the Court preliminarily and permanently enjoins VINCENT, will continue to suffer, irreparable harm to GLOBAL and its property rights, goodwill and business reputation for which there is no adequate remedy at law. GLOBAL is entitled to an injunction to prevent VINCENT from using the marks at issue or any other mark confusingly similar thereto.

46.   GLOBAL is also entitled to an award of treble damages for VINCENT'S willful acts under 15 U.S.C. § 1117(a).

10

47. VINCENT'S conduct is wrongful, malicious, fraudulent, deliberate, willful and intentional, thereby making this case exceptional, and GLOBAL is therefore entitled to recover costs of this action and attorneys fees under 15 U.S.C. §1117(a).

## SECOND CLAIM FOR RELIEF
### Common Law Unfair Competition

48. Plaintiff incorporates the allegations of paragraphs 1 through 30 of this complaint as if fully alleged herein.

49. Since 1999, GLOBAL, as the Bruce Foods exclusive distributor and agent in Haiti of the Original Louisiana Hot Sauce™ brand, has used the Original Louisiana Hot Sauce™ mark to designate its specially formulated hot sauce sold in the Haitian market.

50. GLOBAL has used the Original Louisiana Hot Sauce™ mark without interruption up to the present time, in connection with the distribution of the hot sauce specially formulated by Bruce Foods.

51. VINCENT purchased and sold hot sauce intended for the domestic market labeled as Original Louisiana Hot Sauce™ with the intent to distribute the domestic hot sauce in Haiti.

52. The packaging of the domestic hot sauce purchased and sold by VINCENT is identical to the Original Louisiana Hot Sauce™ specially formulated for the Haitian market.

53. The sale of the domestic hot sauce in Haiti by VINCENT which is packaged identically to the Original Louisiana Hot Sauce™ specially formulated for the Haitian market is deceptive, misleading and unfair.

54. VINCENT'S acts constitute unfair competition.

11

55. As a direct and proximate cause of VINCENT'S conduct, GLOBAL has suffered damages and will continue to suffer actual and other damages in an amount to be proven at trial.

56. As a result of VINCENT'S unfair competition, GLOBAL has suffered, and unless the Court preliminarily and permanently enjoins VINCENT, will continue to suffer, irreparable harm to GLOBAL and its property rights, goodwill and business reputation for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Interference with Advantageous Business Relations

57. Plaintiff incorporates the allegations of paragraphs 1 through 30 of this complaint as if fully alleged herein.

58. Since 1999, GLOBAL has served as Bruce Foods' exclusive distributor and agent in Haiti of the Original Louisiana Hot Sauce™ brand.

59. GLOBAL has served as Bruce Foods' exclusive distributor and agent in Haiti of the Original Louisiana Hot Sauce™ brand without interruption from February 1, 1999 up to the present time.

60. At all relevant times, VINCENT was aware of the existence of the relationship between Bruce Foods and GLOBAL.

61. VINCENT purchased and sold hot sauce intended for the domestic market labeled as Original Louisiana Hot Sauce™ with the intent to distribute the domestic hot sauce in Haiti.

62. The packaging of the domestic hot sauce purchased and sold by VINCENT is identical to the Original Louisiana Hot Sauce™ specially formulated for the Haitian market.

12

63. The sale by VINCENT of the domestic hot sauce in Haiti packaged identically to the Original Louisiana Hot Sauce™ specially formulated for the Haitian interfered with and has the potential to destroy the Haitian market for GLOBAL.

64. VINCENT has attempted to capitalize upon its interference with GLOBAL'S relationship with Bruce Foods in order to replace GLOBAL as Bruce Foods' exclusive distributor and agent for the Haitian market.

65. As a proximate cause of VINCENT'S interference, GLOBAL has suffered damages.

66. Unless the Court preliminarily and permanently enjoins VINCENT, GLOBAL will continue to suffer irreparable harm for which there is no adequate remedy at law.

WHEREFORE, the Plaintiff prays for judgment against the Defendant and in favor of the Plaintiff that:

a. Jurisdiction is present and venue is proper;

b. Defendant be enjoined from further sale and use of the Original Louisiana Hot Sauce™ mark and the Hot Sauce marks on goods exported to the Haitian market, and any and all other confusingly similar and/or false and misleading words, terms, names, symbols or devices, false designations of origin or false or misleading descriptions and representations of fact that are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of defendant with plaintiffs, or as to the nature, characteristics, qualities, origin, sponsorship, or approval of defendants' goods, services, or commercial activities in violation of 15 USC §1125(a), and that defendant be ordered to repurchase the inferior hot sauce, implement corrective advertising, and take

13

other appropriate procedures to notify consumers and the public and dispel the confusion currently occurring;

  c. Plaintiff be awarded damages, including disgorgement of profits, for unfair competition in an amount to be determined by the Court;

  d. Plaintiff be awarded its costs and attorneys fees for bringing this action as provided under 15 U.S.C. § 1117;

  e. Plaintiff be awarded three times actual damages for the defendant's willful acts under 15 U.S.C. § 1117.

  f. Plaintiff be awarded actual, compensatory, special, incidental and consequential damages for unfair competition;

  g. Defendant be enjoined from further unfair competition;

  h. Plaintiff be awarded actual, compensatory, special, incidental and consequential damages for interference with advantageous business relations;

  i. Defendant be enjoined from further interference with advantageous business relations; and

  j. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: September 15, 2009

                                        Respectfully submitted,
                                        ARNSTEIN & LEHR LLP
                                        Attorney for Plaintiff
                                        515 North Flagler Drive
                                        Northbridge Centre – 6th Floor
                                        West Palm Beach, FL 33401
                                        561/833-9800 (ofc.)
                                        561/655-5551 (fax)

                                        By: _____
                                        Joel B. Rothman
                                        Florida Bar No. 0098220
                                        jrothman@arnstein.com



**Bruce Foods** Corporation
P.O. Drawer 1030, New Iberia, Louisiana 70562-1030, USA

## Letter of Understanding

To Whom It May Concern:

Bruce Foods Corporation has appointed Global Trading and Beverage Inc. of Miami as the exclusive agent for the brands LOUISIANA and LOUISIANA GOLD for the territory of Haiti.

The term of this understanding is for one year starting from February 1" 1999. At the end of this period if a satisfactory sales volume is achieved, Bruce Foods and Global Trading and Beverage will negotiate a contracted agency agreement.

During the period of the initial understanding Bruce Foods will not undertake to knowingly sell to any other account for the territory of Haiti. Bruce Foods will inform Global Trading and Beverage Inc. of any and all inquiries and offers for the territory.

Signed for Bruce Foods Corporation

Peter Wilby

**EXHIBIT A**

Phone: (318) 365-8101         Fax: (318) 364-3742         E-Mail: bruceusa@net-connect.net

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed**

FILED by ___ D.C.
ELECTRONIC
Sept. 15, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### I. (a) PLAINTIFFS
Global Trading & Beverage, Inc.

### DEFENDANTS
Vincent & Sons Enterprises, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joel B. Rothman, Esq., Arnstein & Lehr, LLP, 515 North Flagler Drive
Northbridge Centre – 6th Floor, West Palm Beach, FL 33401
561-833-9800

Attorneys (If Known)

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09CV 22770 JAL/WCT

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ✓ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ■ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO       b) Related Cases ☐ YES ☐ NO
JUDGE _____   DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1125(a)

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 9/15/09

FOR OFFICE USE ONLY
AMOUNT 350   RECEIPT # 7263/9